UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Adrian De La Vega, | § | United States District Court<br>Southern District of Texas<br>**ENTERED**<br>April 02, 2021<br>Nathan Ochsner, Clerk |
| Plaintiff, | § | |
| versus | § | Civil Action H-19-4099 |
| The Bank of New York Mellon, | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

A borrower did not pay his mortgage. On the day before his property was foreclosed and sold, he sued for title. He will take nothing.

2.    *Background.*

On February 23, 2007, Adrian De La Vega borrowed $86,400 from Countrywide Home Loans, Inc., on a home equity loan. He signed a promissory note for the loan that was secured by a deed of trust. The deed was later assigned to The Bank of New York Mellon.

Starting in December 2016, De La Vega stopped paying. On January 17, 2017, BONY sent a notice of default and a notice of intent to accelerate. De La Vega did not cure.

On August 8, 2019, the Bank posted the property for sale on September 3. On September 2, 2019, De La Vega sued in state court for quiet title and for declaratory judgment claiming the Bank did not own a valid lien on the property because of an improper chain of title of the Bank as assignee. On September 3, 2019, without notice or knowledge of this lawsuit, the Bank foreclosed on the property. On October 18, 2019, the Bank removed the case to this court.

3.    *Posture.*

The Bank has moved for summary judgment claiming it has a valid lien on the property and for attorneys' fees saying the suit is frivolous. De La Vega inexplicably did not respond to the motion for summary judgment by the deadline. The court should grant the summary judgment on this alone.

Instead, after the deadline, De La Vega moved under federal rule 41(A)(1)(a) to dismiss the case without prejudice because he construed the motion for summary judgment as a motion to dismiss. This claim is unfounded, and the rule 41 motion is denied as the Bank had already moved for summary judgment, even if it was simultaneous with a motion to dismiss.

4.    *Quiet Title.*

To quiet title, De La Vega must have a superior claim to the property. He claims that the Bank's lien is invalid because of an improper chain of title to make the Bank the current assignee of the deed of trust. De La Vega shows no facts in support of this claim. The Bank is the mortgagee under the valid assignment and is entitled to enforce the power of sale clause in the deed of trust. To recover for quiet title, De La Vega must have paid the debt secured by the lien. He has not, so his claim to quiet title fails.

5.    *Declaratory Judgment.*

Declaratory judgment is appropriate if a justiciable controversy exists. De La Vega argues that the lien is invalid because the Bank is not the current assignee as it failed to record the assignment, it did not perfect the lien, and the original lender did not indorse the note. He gives no facts to support these assertions. No judicial controversy exists in this case because the record unequivocally confirms the Bank's assignment and rights over the property.

Because De La Vega offers baseless and conclusory allegations in support, his claim for declaratory judgment fails.

6.    *Attorneys' Fees.*

Under the deed of trust, the Bank may recover reasonable attorneys' fees and costs for protecting its rights in defending against De La Vega's frivolous suit. The court is certain that De La Vega's sole reason for suing was an attempt to delay the foreclosure and to continue using the property without having to pay his debts.  Under the terms of the deed and because the claims in this case are baseless, the Bank will take reasonable attorneys' fees and costs from De La Vega.

7.    *Conclusion.*

Because he cannot show that The Bank of New York Mellon's lien on his property is invalid, Adrian De La Vega's claims to quiet title and for declaratory judgment fail, and he will take nothing. The Bank of New York Mellon will take $7,173 in attorneys' fees and $483.34 in costs from De La Vega.

Signed on April 2, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge